IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL JOSEPH TYLER, | : | CIVIL ACTION NO. **1:CV-04-2345** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| SUPERINTENDENT GILLIS, et al., | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

On October 26, 2004, while incarcerated at the State Correctional Institution at Coal Township, Pennsylvania ("SCI-Coal Twp."), the Petitioner, Michael Joseph Tyler, filed, *pro se,* a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner is incarcerated as a result of 1991 convictions in the Philadelphia County Court of Common Pleas. Petitioner paid the requisite filing fee. (Doc. 5). Petitioner also filed a Memorandum in support of his Habeas Petition, as well as an Appendix of the Record. (Docs. 2 & 16). On December 23, 2004, Respondents filed their Answer to the Petition with attached exhibits and, on December 27, 2004, filed their Brief in support of their Answer, with attached exhibits. (Docs. 14 & 15). The Habeas Petition is now ripe for disposition.

We conclude that, based on this Court's recent cases, the Petition should be stayed while Petitioner completes exhaustion with the state court of his *ex post facto* claims against the Pennsylvania Board of Probation and Parole (the Board) regarding the denial of Petitioner's parole

application by applying the 1996 amendments to the Pennsylvania Parole Act.

**I. State Procedural History.**

Petitioner states, and the record reveals, that he was arrested on August 1, 1990, and that he was convicted in April, 1991, of unlawful restraint, criminal attempt involuntary deviate sexual intercourse, and criminal attempt rape.  (Doc. 2, p. 1, & Doc. 14, p. 1 & attached Castor Declaration, Att. 1).

On April 16, 1991, Petitioner was sentenced to incarceration for a period of twelve and one-half (12 ½) to twenty-five (25) years.  Petitioner's minimum sentence is February 1, 2003, and his maximum sentence is August 1, 2015.  (Doc. 2, p. I & Doc. 14, p. 1).

After serving over eleven (11) years of his sentence, on or about December 2, 2002, Petitioner had a parole hearing before the Board.  The record reveals that the Board issued a decision on December 10, 2002, in which it stated, in part, that:

> Following an interview with you and a review of your file, and having
> considered all matters required pursuant to the Parole Act of 1941,
> as amended, 61 P.S. § 331.1 et seq., the Board of Probation and Parole,
> in the exercise of its discretion, has determined at this time that: your
> best interests do not justify or require you being paroled/reparoled;
> and, the interests of the Commonwealth will be injured if you were
> paroled/reparoled.  Therefore, you are refused parole/reparole at
> this time.

(Doc. 14, p. 2 & attached Castor Declaration, Att. 2).

The Board also included detailed reasons for its decision. (*Id*.).  Thus, Petitioner was denied parole and his case was ordered to be reviewed in or after June, 2003. (*Id*.).  Petitioner reappeared before the Board on or about August 18, 2003, and it again denied Petitioner parole.  (*Id*. at Att.

3).[1]

The Board recorded a Notice of Board Decision on August 18, 2003, in which it set a new parole hearing in or after July, 2004.  The Board, in its August 18, 2003, decision stated, in part, the following reasons for denying Petitioner parole:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. § 331.1 et seq., the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled.  Therefore, you are refused parole/reparole at this time.

(*Id*. at Att. 3).

The Board also included detailed reasons for its decision.  (*Id*.).

On July 15, 2004, the Board issued its third decision in Petitioner's case.  The Board, in its July 15, 2004, decision stated, in part, the following reasons for denying Petitioner parole:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. § 331.1 et seq., the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled.  Therefore, you are refused parole/reparole at this time.

(*Id*. at Att. 4).

---

[1] The Petitioner's Appendix, Exhibit A, Doc. 16, also contains copies of the the Board's decisions.

The Board also included detailed reasons for its decision. (*Id.*). Thus, Petitioner was denied parole, and his case was ordered to be reviewed in or after December, 2005. (*Id.*).

In all of the three stated decisions, the Board utilized the requirements of the 1996 amended Pa. Parole Act in denying Petitioner parole.

There is no indication that Petitioner filed a Petition for Administrative Relief with the Board, requesting the Board to reconsider its stated decisions. However, it is undisputed that on August 9, 2004, the Petitioner filed a Petition for Writ of Mandamus (Petition for Review) with the Pennsylvania Commonwealth Court, Docket No. 562 M.D. 2004, challenging the Board's July, 2004, decision denying him parole. (Doc. 2, p. I & Doc. 14, p. 5). The Petitioner stated that the 1996 amendments to the Parole Act made it more difficult for him to get a favorable parole decision and stated that he now needed more votes from the Board members to obtain parole than he needed before the 1996 amendments to the Act. (Doc. 16, Ex. B). Specifically, the Petitioner stated as follows in his Petition for Writ of Mandamus:

> 10. The Parole Act of August 6, 1941 was amended in 1996 for the purpose of making it SUBSTANTIALLY more difficult for those offenders classified as violent offenders to make parole, including the increase in number of affirmative votes necessary for the granting of parole: three (3) for violent offenders and five (5) votes for sex offenders (Petitioner).
>
> 11. Prior to the 1996 amendment, NO ONE needed to receive more than two (2) affirmative votes in order to be granted parole.

(*Id.*, p. 3, ¶'s 10.-11.). The Petitioner concluded that:

> 13. In Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2002) cert. denied, the United States Court of Appeals for the Third Circuit Court ruled that these amended statutes and

4

>      the amendments to the Parole Act, applied retrospectively
>      to persons arrested before their enactments, violates the
>      Ex Post Facto Clause of the United States Constitution.

(*Id.*, p. 4, ¶ 13.).

On October 15, 2004, the Pennsylvania Commonwealth Court issued an Order dismissing Petitioner's Petition for Review. (*Id.*, Ex. D). The Pennsylvania Commonwealth Court seemingly denied Petitioner's Petition for Review on the merits based upon well-settled Pennsylvania court precedent on *ex post facto* claims concerning the 1996 amendments to the Parole Act. (*Id.*). Subsequent to the Commonwealth Court's decision, the Petitioner filed the instant Habeas Corpus Petition with this Court on October 26, 2004. (Doc. 1). Petitioner admits that he did not file an appeal of the Commonwealth Court's decision with the Pennsylvania Supreme Court as he could have. (Doc. 2, pp. I-II). *See* 42 Pa. C.S.A. §§ 723(a), 761(a). Petitioner claims that exhaustion of his state court remedies is futile, while Respondents argue that the instant Habeas Petition should be dismissed for the failure to exhaust. (Doc. 2, p. III & Doc. 15, pp. 6-9).[2]

Petitioner avers that he filed this Petition for habeas relief with this Court, challenging the decisions of the Board as unconstitutional since the Board applied the 1996 parole amendments retroactively to his case for his 1990 arrest (1991 conviction). Thus, he claims that the Board violated the *ex post facto* clause. Petitioner appears to request this Court to direct the Board to

---

[2] Recently, this Court has been split on the exhaustion issue in cases similar to our Petitioner's. In *Benchoff v. Colleran,* 03-740, M.D. Pa. (J. Caputo), this Court stayed Petitioner's habeas petition since he did not exhaust all of his habeas claims with the Pennsylvania state courts. *See also Simmons v. PA Parole Bd.*, 04-1001, M.D. Pa. (J. Jones) (Exhaustion not excused); However, this Court in *Adams v. Kelchner*, 04-799, M.D. Pa. (November 12, 2004, Memorandum & Order, p. 10) (J. Conaboy), 2004 WL 2634357 (M.D. Pa. 2004), found that the futility exception to the exhaustion requirement applied to a habeas case relying on *Mickens-Thomas*.

conduct a new a parole hearing in which it applies the parole standards that existed before the 1996 amendments. (Doc. 1, p. 5, Grounds).[3]

Petitioner primarily contends that he is entitled to habeas relief due to the Board's application of 1996 amended parole standards which were not in effect at the time he was arrested in August, 1990 (Doc. 2, p. I), and at the time his crimes were committed (Doc. 1, p. 5) and which resulted in the Board's denials of his parole, in violation of due process, equal protection and the constitutional protection against *ex post facto* laws. (Doc. 2, p. V, Grounds One & Two). In essence, Petitioner claims, in fact, that his denials of parole violated the Constitution, since the 1996 parole standards and its requirement that sex offenders, such as Petitioner, must receive 5 affirmative votes for parole from the Board members instead of only 2 affirmative votes which were required prior to the 1996 amendments, were applied retroactively to his 1990 crimes. (*Id.*). Petitioner is also construed as claiming that the 1996 amendment to the Parole Act which called for consideration of the public safety above those of the inmate violated the *ex post facto* clause in light of *Mickens-Thomas*. Petitioner claims that by applying the 1996 amendments to the Parole Act, the Board made it more difficult for him to obtain release on parole than it would have been under the pre-1996 Act. Petitioner concludes that "the standards of making parole were changed

---

[3]Petitioner's present Petition was timely filed under the AEDPA statute of limitations period despite being filed well over one year after his 1991 judgment and conviction became final. The present petition was filed within one year of the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D). In this case, Petitioner filed his habeas petition on October 26, 2004, which was within one year of the Board's final July 15, 2004 decision challenged herein. The Petitioner's two prior parole decisions, December, 2002, and August, 2003, are thus not at issue.

by these amendments, and since they were retrospectively applied to the Petitioner, the Respondents violated the *ex post facto* clause of the Constitution." (Doc. 2, p. 15).[4]

## II. Discussion.

*1. Exhaustion of State Remedies.*

Ordinarily, a state prisoner must exhaust his state court remedies before the federal courts consider the claims. 28 U.S.C. §2254(b); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). As the Third Circuit recently stated:

> Exhaustion, however, is not a jurisdictional matter but a matter of comity. *See Story v. Kindt,* 26 F.3d 402, 405 (3d Cir. 1994). Federal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy. *Id.;* 28 U.S.C. § 2254(b)(1)(B).

*Lee v. Stickman*, 357 F. 3d 338, 341 (3d Cir. 2004). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

As stated, Petitioner's Appendix of exhibits filed with his Petition indicate that he filed the present claims in a Petition for Review against the Board with the Pennsylvania Commonwealth Court. (Doc. 16, Ex. B). However, it is not disputed that Petitioner did not appeal the Commonwealth's adverse decision to the Pennsylvania Supreme Court. Thus, the question of exhaustion of available state court remedies arises. The Petitioner, as mentioned, avers that any further appeal of the Board's decisions to the state courts is futile. (Doc. 2, pp. III-IV). The

---

[4]As stated above, the Petitioner did raise these claims in his Petition for Review which he filed with the Pennsylvania Commonwealth Court. (Doc. 16, Ex. B, p. 3).

Petitioner also avers that any further appeal to the state courts is futile since the state authorities refuse to recognize Third Circuit precedent on the *ex post facto* issue he raises in his Petition and, instead, rely upon contrary Pennsylvania Supreme Court cases, namely *Finnegan v. Pa. Parole Bd.,* 838 A.2d 6894 (Pa. 2003) and *Hall v. Pa. Parole Bd.*, 851 A.2d 859 (Pa. 2004). (Doc. 2, p. IV). The Petitioner also relies upon the Pennsylvania Supreme Court case of *Winklespecht v. Pa Bd. of Prob. & Parole*, 813 A. 2d. 688 (Pa. 2002), to support his futility of exhaustion claim. (*Id.*, p. 4).

Based on this Court's decisions in *Barnhart v. Kyler*, 318 F.Supp. 2d 250, 256-57 (M.D. Pa. 2004)*, Simmons* and *Benchoff,* we find that exhaustion has not been completed in this case. We find that since the present case is most akin to this Court's decision in *Benchoff*, that the approach which Judge Caputo used should be applied in this case.

In *Benchoff*, the Petitioner raised three claims in his habeas petition. Specifically, the Petitioner claimed that the 1996 amendment to the Parole Act which called for consideration of the public safety above those of the inmate violated the *ex post facto* clause in light of *Mickens-Thomas*, that his designation as a violent offender which required him to receive three votes for parole instead of two violated the *ex post facto* clause, and that the three vote requirement violated the *ex post facto* clause since this policy was not in effect at the time Petitioner committed his crimes. *Benchoff, supra,* slip op. at p. 3. The *Benchoff* Court found that the Petitioner exhausted his state remedies with respect to his first stated claim, *i.e.,* the *Mickens-Thomas ex post facto* claim, but not with respect to his latter two stated claims relating to his designation as a violent offender and the three vote requirement. *Id.*, at p. 5. Thus, the Court found that Petitioner presented a mixed petition. The Court, however, stayed the Petitioner's habeas case pending Petitioner's

exhaustion of his latter two claims in the Pennsylvania court, since it found that dismissal of the case would preclude Petitioner from timely filing another post-exhaustion habeas petition under the AEDPA statute of limitations. *Id.*

As the *Benchoff* Court stated:

> Prior to the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the presentation of a petition for writ of habeas corpus which included unexhausted claims typically resulted in dismissal of the entire petition without prejudice. *Barnhart v. Kyler*, 318 F.Supp.2d 250, 261 (M.D. Pa. 2004) (Caldwell, J.) (sic). However, the passage of AEDPA "imperils past judicial practices." *Id.* The AEDPA amendments now prescribe a one-year period within which a petitioner must file his petition, beginning at the time of the final state court judgment. 28 U.S.C. § 2244(d). The one year statutory period prescribed by AEDPA is not tolled by the filing of a petition in federal court, even where a court dismisses the petition without prejudice to allow the petitioner to exhaust the available state court remedies. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Consequently, where a court dismisses a petition without prejudice for failure to exhaust state remedies, that petitioner may be precluded from ever filing another federal habeas petition. *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). To avoid such a harsh effect, the United States Court of Appeals for the Third Circuit recently ruled that where a petitioner files a petition containing both exhausted and unexhausted claims, the Court must stay the proceedings pending exhaustion fo the claims in state court if outright dismissal of the petition would preclude the petition from filing a subsequent petition within the one year period. *Id.* at 151-54.

*Benchoff, supra*, slip op. at p. 4.

We find the present case to most closely resemble the *Benchoff* case, since in both cases it is clear that the Petitioners did not exhaust their *ex post facto* claims regarding the increased vote requirement with the state court. Our Petitioner also did not exhaust his other claim that the 1996 amendment to the Parole Act, which called for consideration of the public safety above those of

the inmate, violated the *ex post facto* clause in light of *Mickens-Thomas*.  (Doc. 16, Ex. B, pp. 3-4).[5]

Therefore, based on this Court's holdings in *Benchoff and Barnhart*, we find that this case should be stayed pending the Petitioner's exhaustion of the available state remedies with respect to his claim regarding the five (5) vote parole requirement and the *Mickens-Thomas ex post facto* claim.  As in *Benchoff*, if Petitioner is denied state post-conviction relief, he should be given thirty (30) days from the time of denial to return to federal court to resume his habeas petition.[6]

### III. Recommendation.

Based on the foregoing, we respectfully recommend that this case be stayed pending the Petitioner's exhaustion of the available state remedies with respect to his claim regarding the five (5) vote parole requirement and the *Mickens-Thomas ex post facto* claim.  If Petitioner is denied

---

[5]One difference between the Petitioners' claims in our case and *Benchoff* is that in *Benchoff*, Petitioner was designated as a violent offender, which under the 1996 amendment to the Act required three (3) votes of the Board members for parole, and our Petitioner is classified as a sex offender, which he states requires five (5) votes for parole.  However, under the pre-1996 Act, both Petitioners contend that only two (2) votes for parole were required. (Doc. 16, Ex. B, p. 3, ¶ 11.).  Also, unlike the Petitioner in *Benchoff,* our Petitioner did raise both of his instant claims in his Petition for Review with the Commonwealth Court, but our Petitioner did not complete exhaustion with the state court by filing an appeal with the Pennsylvania Supreme Court.  This Court in *Barnhart* held that appealing an adverse ruling of the Commonwealth Court to the Pennsylvania Supreme Court completes the exhaustion process regarding a prisoner's challenge of denial of parole.  318 F. Supp. 2d at 256-257.

[6]Even if Petitioner's appeal to the Pennsylvania Supreme Court of his present habeas claims, which were denied on their merits by the Commonwealth Court, is rejected as untimely, as this Court in *Barnhart* held, this "does not frustrate exhaustion."  "The claim was presented to the state supreme court through the standard and appropriate procedural channel.  Exhaustion is established."  *Barnhart, supra*, 318 F. Supp. 2d at 257. (Citations omitted).  Thus, based on *Barnhart*, Petitioner is required to present his instant claims to the state superme court to establish exhaustion.

state post-conviction relief, he should be given thirty (30) days from the time of denial to return to federal court to resume his habeas petition.

          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: March 16, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL JOSEPH TYLER, | : | CIVIL ACTION NO. **1:CV-04-2345** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| SUPERINTENDENT GILLIS, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 16, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                        <u>s /Thomas M. Blewitt</u>
                                                        **THOMAS M. BLEWITT**
                                                        **United States Magistrate Judge**

**Dated: March 16, 2005**