IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL JOSEPH TYLER**, | : | CIVIL ACTION NO. 1:04-CV-2345 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **FRANK GILLIS, et al.**, | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 19th day of July, 2006, upon consideration of the report of the magistrate judge (Doc. 26), to which no objections were filed, recommending that the petition (Doc. 1) for habeas corpus relief be denied, and following an independent review of record, it appearing that petitioner has not demonstrated that the Parol Board used new criteria from the 1996 Amendment to the Pennsylvania Parole Act[1] in evaluating petitioner for release, or that the applicable criteria created a real risk of increasing the measure of petitioner's punishment, see Shaffer v. Meyers, 163 F. App'x 111, 113 (3d Cir. 2006) ("[A petitioner] must show not only that there has been a change in law or policy which has given retrospective effect[,] but also that its retrospective application to him created a real risk of increasing the measure of his punishment."); Brown v. Williams, No. 4:06-CV-0851, 2006 WL 1896166, at *4 (M.D. Pa. Jul. 7, 2006) (same); see also Mickens-Thomas v. Vaughn, 321 F.3d 374, 384 (3d Cir. 2003) (stating that, for *ex post facto* challenges,

---

[1] See 42 PA. CON. STAT. ANN. § 9718.1.

the petitioner must demonstrate that the law in question "disadvantages the offender affected by it"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 26) is ADOPTED.

2. The petition (Doc. 1) for habeas corpus relief is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

           S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge